RICHARD H. BAYLIS, APPELLANT, V. CALVIN H. PARMELE
ET AL., APPELLEES.

FILED MAY 20, 1896.   No. 6582.

Conflicting Evidence: REVIEW: LANDLORD AND TENANT: NOTICE.
  When made upon fairly conflicting evidence, the findings of the
  district court in support of its judgment must be sustained.

APPEAL from the district court of Hamilton county.
Heard below before BATES, J.

*Hainer & Smith*, for appellant.

*Howard M. Kellogg* and *John A. Davies*, contra.

RYAN, C.

This action was brought March 27, 1893, by the appel-
lant in the district court of Hamilton county.  Upon a
trial afterwards had there was a judgment dismissing
the petition and dissolving the preliminary injunction,
which, at the commencement of this suit, had been al-
lowed.  Of this petition the averments in substance were
that plaintiff is in the quiet and peaceable possession of
certain real property described, by virtue of a written
lease made March 9, 1891, by the then owner; that by the
terms of said lease it does not expire until March 1, 1894;
that plaintiff has paid the rent for the year 1892, not-
withstanding which facts the defendants, who are now
the owners of the said leased lands, are attempting forci-
bly to deprive plaintiff of his said possession, and the
prayer was for an injunction to prevent such interfer-
ence.  In the lease, of which a copy was attached to the
petition of plaintiff, there is this provision: "In case
either party wishes to dissolve the within lease before
expiration thereof, he shall serve notice on the other
party at least three months prior to the expiration of the
lease year."  On November 26, 1892, W. H. Newell and

C. H. Parmele, who had purchased the leased land from Frank T. Ryan, the maker of the lease to appellant, in accordance with the terms of the lease, gave the notice required to terminate it on March 1, 1893. No objection was made to the right of these parties, as grantees of Ryan, to give the notice and terminate the lease as above described. Upon sufficient evidence the district court found that Newell and Parmele, at the time of the commencement of the action, were in possession of the leased premises, and that at said time plaintiff had no right of possession. The material issues presented as to which there was evidence involved solely the questions as to whether or not there was notice to terminate the lease as above described, and whether or not plaintiff, in compliance with the requirements of said notice, had peaceably yielded possession to the defendants. There could be no useful end subserved by reviewing the evidence. We must content ourselves with a general observation that in all respects it was sufficient to sustain the findings of the district court. The judgment is therefore

AFFIRMED.